IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CLIFTON STEVENSON,
:   Plaintiff
:
:   CIVIL NO. 3:13-CV-1061
v.   :
:   (JUDGE NEALON)
UNITED STATES OF AMERICA,   :   (MAGISTRATE JUDGE CARLSON)
:   Defendant

FILED SCRANTON
APR 1 0 2014
PER_____
DEPUTY CLERK

## MEMORANDUM

On April 23, 2013, Plaintiff, Clifton Stevenson, an inmate then-confined at the Canaan United States Penitentiary ("USP-Canaan") in Waymart, Pennsylvania, filed a complaint pursuant to the Federal Torts Claim Act ("FTCA"), 28 U.S.C. § 2401, et seq. and 28 U.S.C. § 2675, et seq. (Doc. 1). Plaintiff alleges that on June 25, 2011, he suffered Salmonella poisoning at USP-Canaan from eating chicken that the prison staff knew was contaminated, and consequently suffered excruciating pain and symptoms which included headaches, diarrhea, abdominal pains, nausea, chills, vomiting, inability to eat, and profuse sweating. (Id.). On December 9, 2013, Defendant filed a motion to dismiss for lack of jurisdiction because Plaintiff failed to exhaust the administrative tort process before filing this lawsuit. (Docs. 18-19). Magistrate Judge Martin C. Carlson entered an Order on December 10, 2013, directing Plaintiff to file a brief in opposition to the motion on or before January 3, 2014, and warned that his failure to respond would result in the motion being deemed unopposed and granted. (Doc. 20). Plaintiff failed to file an opposition brief or otherwise communicate with the Court and, on January 13, 2014, Magistrate Judge Carlson issued a Report recommending that the complaint be dismissed. (Doc. 21). No objections have been filed and, for the reasons set forth below, the Report and Recommendation ("R&R") will be adopted.

**Standard of Review**

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report, under de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 152 (1985); 28 U.S.C. § 636(b)(1)(C). Nevertheless, the Third Circuit Court of Appeals has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied, 484 U.S. 837 (1987); Garcia v. I.N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice"). In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. L.R. 72.3.

**Discussion**

Initially, Magistrate Judge Carlson outlines the procedural history of the case, specifically discussing the Standing Practice Order issued on April 23, 2013, which informed Plaintiff of his responsibility to respond to defense motions and to keep the Court informed of his address. (Doc. 21, pp. 2-3), citing (Doc. 3). The Magistrate Judge explains that on August 19, 2013, mail sent to Plaintiff was returned as undeliverable and he never provided the Court with a new address. (Id.), citing (Doc. 16). Also, as mentioned above, Plaintiff failed to respond to Defendant's motion to dismiss. (Doc. 21, pp. 3-4). Accordingly, the Magistrate Judge

determines that Defendant's motion should be deemed unopposed and granted. (Doc. 21, pp. 5-6) (citing M.D. Pa. Local Rule 7.6). Further, because Plaintiff failed to notify the Court of his change of address, the Magistrate Judge concludes that he also violated Local Rule 83.18, which allows the Court to find that he has abandoned the lawsuit. (Doc. 21, pp. 6-8), citing <u>Juaquee v. Pike County Corr. Facility Employees</u>, 2013 U.S. Dist. LEXIS 21347 (M.D. Pa. 2013) (Nealon, J.) (dismissing the complaint for the plaintiff's failure to file a change of address, to respond to the R&R by filing objections, or to file an amended complaint as recommended). Magistrate Judge Carlson provides a thorough analysis of the <u>Poulis</u> factors and finds that dismissal is also warranted under Rule 41 of the Federal Rules of Civil Procedure. (Docs. 21, pp. 8-14), <u>citing</u> FED. R. CIV. P. 41(b); <u>Poulis v. State Farm Fire and Cas. Co.</u>, 747 F.2d 863, 868 (3d Cir. 1984). Finally, the Magistrate Judge determines that Plaintiff's claims fail as a matter of law because he failed to exhaust administrative remedies before filing the complaint. (Doc. 21, pp. 14-17) (discussing the limited waiver of sovereign immunity in FTCA claims and the mandatory exhaustion requirements). Finding that leave to amend would be futile, Magistrate Judge Carlson recommends that Defendant's motion be granted and the complaint be dismissed. (Doc. 21, pp. 17-18), <u>citing</u> <u>Alston v. Parker</u>, 363 F.3d 229, 235 (3d Cir. 2004) (holding that a <u>pro se</u> plaintiff should be granted leave to amend before dismissal "unless an amendment would be inequitable or futile").

After review, and in the absence of objections, this Court finds no error in the R&R and it will be adopted. A separate Order will be issued.

Date: April 10, 2014

United States District Judge